UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MICHAEL GIORGIO**; *and* <br> **KIRTI NAIK**, <br><br> Plaintiffs, <br><br> ~ *versus* ~ <br><br> **SMC BLOCK CHAIN LABS, LLC.**; <br> **SAIFUL KHANDAKER**; <br> **RABIUL KARIM**; <br> **REVOFAST LLC**; *and* <br> **REVOFAST VENTURE LLC**, <br><br> Defendants. | Case No. **1:26-cv-00475** <br><br> **NOTICE OF REMOVAL** <br> *(Diversity of Citizenship)* |

**TO THE HONORABLE CHIEF JUDGE**;
**THE CLERK OF THE COURT**;
**AND THE DISTRICT JUDGES OF THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446; Local Civil Rule 81.1 and all other relevant provisions of federal law and practices of this Court, the Defendants: (i.) **SAIFUL KHANDAKER**; *and* (ii.) **RABIUL KARIM** (referred to collectively in this Notice of Removal as the "**Defendants**" where appropriate) do hereby Remove this action, which had been pending before the Supreme Court of the State of New York in and for the County of New York, and docketed under Index No. 656631/2025.

As grounds for Removal, the Defendants respectfully state as follows:

**A.     Procedural Background and**
**Compliance with Requirements for Removal under 28 U.S.C. § 1446**

1.     This action was commenced before the Supreme Court of the State of New York in and for the County of New York by the docketing on December 22, 2025, of a Summons

and Complaint (State Docket, NYSCEF Doc. No. 1).  A complete, true and accurate copy of the Summons and Complaint is annexed as **Exhibit A** and incorporated in this Notice of Removal in full.

        2.      Pursuant to 28 U.S.C. § 1446(a) annexed as Exhibits to this Notice of Removal are all other "process, pleadings, and orders" in this action as follows, namely:

        (a.)    A screenshot of the New York State Courts Electronic Filing (NYSCEF) docket in the underlying matter; and

        (b.)    The Summons and Complaint, which was originally docketed as NYSCEF Doc No. 1, filed on December 22, 2025.

        3.      As of the filing of this Notice of Removal, no other filings have been docketed in the State action.

        4.      Without conceding that service was properly effected, on or about January 6, 2026, the Defendant Saiful Kahndaker became aware that papers related to this case had been purportedly delivered to him on that January 6, 2026.

        5.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because it is filed within thirty (30) days after the receipt by the Defendants of a copy of the initial pleading setting forth the claim for relief upon which this action is based.  Without conceding that service was properly effective, Defendants was purportedly delivered papers on January 6, 2026, and the filing of this Notice was made within thirty (30) days.

        6.      All Defendants who have been purportedly served–namely Saiful Khandaker and Rabiul Karim–join in and consent to the filing of this Notice of Removal.

        7.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be immediately filed with the Clerk of the Supreme Court of the State of New York in and for the County New York, upon the docketing of this Notice of Removal with ECF.

8. A copy of the unfiled Notice of Filing is annexed as **Exhibit B**, which will be filed with NYSCEF immediately upon the filing of this document with ECF.

### B. This Court has Diversity Jurisdiction

9. For the reasons shown below, this Honorable Court has original jurisdiction over this action pursuant to § 1332(a), and therefore, this case is removable to this Court pursuant to 28 U.S.C. § 1441(a).

*Plaintiffs' Citizenship in*
*New York and not in Pennsylvania or any other State*

10. The Complaint alleges that Plaintiff Michael Giorgio is a resident of New York and currently resides at New York County, Complaint at ¶ 7. Upon information and belief, Michael Giorgio is a citizen of New York State for diversity purposes and not a citizen of any other State.

11. The Complaint alleges that Plaintiff Kirti Naik is a resident of New York and currently resides at New York County, Complaint at ¶ 11. Upon information and belief, Kirti Naik is a citizen of New York State for diversity purposes and not a citizen of any other State

12. Therefore fore diversity purposes, all of the Plaintiffs are citizens of New York State and not citizens of any other State.

*Defendants' Citizenship in*
*Pennsylvania and not in New York*

13. The Complaint alleges that Defendant Saiful Khandaker is a resident of Pennsylvania and currently resides at Chester County, in the State of Pennsylvania, Complaint at

¶ 27.  Saiful Khandaker is a citizen of Pennsylvania for diversity purposes and not a citizen of any other State.

14. The Complaint alleges that Defendant Rabiul Karim is a resident of Pennsylvania and currently resides at Chester County, in the State of Pennsylvania, Complaint at ¶ 35.  Rabiul Karim is a citizen of Pennsylvania for diversity purposes and not a citizen of any other State.

15. For diversity purposes, "the citizenship of a limited liability company is determined by the citizenship of each of its members". *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, n. 16 (2d Cir. 2016) *citing Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Handelsman v. Bedford Associates Limited Partnership*, 213 F.3d 48, 51-52 (2d Cir. 2000).

16. Each of SMC Block Chain Labs, LL, Revofast LLC and Revofast Venture LLC, are upon information and belief entities that do not currently exist.  To the extent that they exist or existed, each and every Member of SMC Block Chain Labs, LL, Revofast LLC and Revofast Venture LLC, were citizens of Pennsylvania and other states within in the United States other than New York.

17. All of the Defendants, to the extent that they exist, are citizens of states within the United States that are not New York.

***Complete Diversity of Jurisdiction***

18. As shown above, the Plaintiffs are all citizens of New York and not citizens of any other State.

19. As shown above each of the Defendants, to the extent that they exist, are citizens of Pennsylvania and/or citizens of states within the United States other than New York,

and not citizens of New York State.

20. Therefore, there is complete diversity between the Parties.

*Amount in Dispute*

21. The Complaint in this case alleges damages of more than $75,000.00, *See, e.g.*, Complaint at ¶ 212, and seeks a Judgment of more than $75,000.00, See Complaint at Prayer for Relief, at ¶ A.

    C.  **Local Civil Rule 81.1**

22. In compliance with Local Civil Rule 81.1, we note:

  (a)  The individual named Plaintiffs are:

    (1.)  Michael Giorgio, who is a citizen of New York for purposes of 28 U.S.C. § 1332*; and*

    (2.)  Kirti Naik, who is a citizen of New York for purposes of 28 U.S.C. § 1332.

  (b)  The individual named Defendants are:

    (1.)  Saiful Khandaker, who is a citizen of Pennsylvnia for purposes of 28 U.S.C. § 1332;

    (2.)  Rabiul Karim, who is a citizen of Pennsylvania for purposes of 28 U.S.C. § 1332;

    (3.)  SMC Block Chain Labs, LLC, to the extent it exists, is a citizen of Pennsylvania for purposes of 28 U.S.C. § 1332;

    (4.)  Revofast LLC, to the extent it exists, is a citizen of Pennsylvania for purposes of 28 U.S.C. § 1332*; and*

    (5.)  Revofast Venture LLC, to the extent it exists, is a citizen of Pennsylvania for purposes of 28 U.S.C. § 1332

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446; Local Civil Rule 81.1 and all other relevant provisions of federal law and practices of this Court, the Defendants respectfully submit that this action should proceed in its entirety before this Honorable Court as an action having properly and timely been Removed.

Dated: January 19, 2026

**RESPECTFULLY SUBMITTED**,

By: _____
Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com
*Counsel for Defendants Saiful Khandaker and Rabiul Karim*